## Case No. 11,460.

PUGH et al. v. DURFEE et al.

[1 Blatchf. 412.] [1]

Circuit Court, N. D. New York.  Oct. Term, 1849.

BILLS AND NOTES—BONA FIDE HOLDER FOR VALUE.

1. D. accepted, without restriction, for the accommodation of H.. a draft drawn by H. in favor of P., having been induced to do so through the fraudulent representations of H. The draft was taken by P. from H. in satisfaction and discharge of a debt due from H. to P., and without notice to P. of the fraud.  *Held*, that P. was a bona fide holder of the draft for value.

2. Even if P. had taken the draft only as security, he would have been a bona fide holder within the commercial rule.

3. Although the draft was in favor of P., *held*, that the rights of P. were the same as if the draft had been drawn in favor of H. and endorsed by him to P.

[Cited in Thomson-Houston Electric Co. v. Capitol Electric Co., 12 C. C. A. 643, 65 Fed. 350.]

Assumpsit by [Lot Pugh and others] the payees against [Philo Durfee and Calvin Bishop] the acceptors on the following draft: "Dolls. 1500.  March 4, 1846.  At one day's sight pay to the order of Lot Pugh & Co. fifteen hundred dollars, value received, and charge the same to account of your obt: servt: J. B. Hart.  To Philo Durfee & Co: Buffalo, New-York."  (Written across the face:) "Accepted at ninety days from date.  Philo Durfee & Co."  The plaintiffs were commission merchants at Cincinnati.  Hart owed them $1500 and gave them this draft, which was sent by them to the defendants, and accepted on the 4th of April, 1846, and returned.  They received the draft in payment and satisfaction of Hart's indebtedness.  The defendants accepted the draft on the security of a warehouse receipt and storage certificate for certain property, as in store in Ohio on account of the defendants and to be forwarded to them.  The receipt and certificate accompanied the draft, and were delivered to the defendants when they accepted it.  Soon after the acceptance, the property was sold under a prior chattel mortgage given by Hart.  The plaintiffs had no notice, when they received the acceptance, of the fraud committed by Hart on the defendants.  The case was submitted to the court on the facts.

Azor Taber, for plaintiffs.

Nicholas Hill, Jr., for defendants.

NELSON, Circuit Justice.  The evidence is full that the draft in question was taken by the plaintiffs in satisfaction of a liability of Hart's to them, and without notice on their part of the fraudulent circumstances under which the defendants were induced to accept it; and also, that it was accepted for the accommodation of Hart, and for the purpose of being applied to an indebtedness from him to the plaintiffs.  The plaintiffs, therefore, are bona fide holders for value, and entitled, upon established principles, to recover upon the draft.

Even if the draft had not been taken in satisfaction and discharge of an existing demand against Hart, but only as security for the same, Hart would have had a right thus to apply it, inasmuch as it was accepted without restriction; and the party receiving it would have been deemed a bona fide holder within the meaning of the commercial rule.

Although the draft was, in form, in favor of the plaintiffs, yet, upon the evidence, the case stands on the same footing, in contemplation of law, as if the draft had been drawn in favor of Hart and endorsed by him to the plaintiffs.  Judgment for plaintiffs.

---

PUGSLEY (STERRICK v.).  See Case No. 13,379.

PUIG (SLEEPER v.).  See Cases Nos. 12,940 and 12,941.

PULASKI COUNTY (KINSEY v.).  See Case No. 7,830.

PULASKI COUNTY (SHIRK v.).  See Case No. 12,794.

PULASKI COUNTY (WHITWELL v.).  See Case No. 17,605.